**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR J. BRAVO,<br><br>  Plaintiff,<br><br>  v.<br><br>DR. HEWCHUCK, et al.,<br><br>  Defendants<br>_____ | No. C 06-0883 MMC (PR)<br><br>**ORDER TO PAY FILING FEE OR FILE COMPLETED IFP APPLICATION; DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; DENYING MOTION TO DISMISS; DENYING WRIT OF PROHIBITION**<br><br>(Docket Nos. 4, 10-12) |

  Plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action on February 9, 2006. That same date, the Court notified plaintiff in writing that the action was deficient due to plaintiff's failure to pay the requisite filing fee or, instead, submit a completed court-approved in forma pauperis ("IFP") application. Specifically, plaintiff was advised that he had failed to include a trust account statement showing transactions for the preceding six months and a certificate of funds form signed by a prison official. Plaintiff was further advised that his failure to pay the filing fee or, alternatively, to file a completed IFP application, including the required trust account statement and signed certificate of funds form, within thirty days, would result in dismissal of the action. Along with said notice, plaintiff was sent a copy of the court's IFP application, instructions for completing it, and a return envelope.

Plaintiff has not filed a completed IFP application or paid the filing fee. Instead, on February 24, 2006, he filed a document in which he asserts he has satisfied the requirements for proceeding IFP because he submitted to prison authorities the certificate of funds form and a request for the trust account statement. Delivering those forms to prison authorities does not suffice; plaintiff must file the required documents with the court, as described in the February 9, 2006 notice and the instructions for completing the IFP application. If plaintiff wishes to proceed with this matter, he must, on or before **June 26, 2006**, either pay the filing fee or file a completed IFP application including a trust account statement showing transactions for the preceding six months and a certificate of funds form signed by a prison official. <u>Failure to do so will result in the dismissal of this action</u>.

Also on February 24, 2006, plaintiff filed a motion for a temporary restraining order ("TRO") and a preliminary injunction. Plaintiff has neither complied with the notice requirement of Rule 65(a)(1) of the Federal Rules of Civil Procedure, nor certified the reasons for his not providing such notice, as required by Rule 65(b) of the Federal Rules of Civil Procedure. Accordingly, plaintiff's request for a TRO and a preliminary injunction is DENIED.

On March 3, 2006, plaintiff filed a document titled "Writ of Prohibition," and on March 20, 2006, he filed a motion to "expedite" a decision on said writ. In the writ, plaintiff requests that the Court compel action by state prison officials. The Court is not aware of any authority, and plaintiff cites to none, under which the federal courts have jurisdiction to issue a "writ of prohibition." <u>Compare</u> Cal. Code Civ. Proc. §§ 1102 et seq. (providing for issuance of a writ of prohibition in California courts).[1] Accordingly, the request for a writ of prohibition is DENIED.

---

[1] Similarly, there is no jurisdiction to issue a federal writ of mandamus in this case. The federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States* or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). Section 1361 does not apply to the instant petition because petitioner seeks to compel action by state prison officials, not federal officials. <u>See</u>, e.g., <u>Newton v. Poindexter</u>, 578 F. Supp. 277, 279 (C.D. Cal. 1984) (holding § 1361 has no application to state officers or employees).

2

1  On March 13, 2006, plaintiff filed a motion to dismiss another case brought by
2  plaintiff in this district (No. 05-3426 MMC).  That case was dismissed on October 25, 2005.
3  Accordingly, plaintiff's motion to dismiss is DENIED as moot.
4  This order terminates Docket Nos. 4, 10, 11, 12.
5  IT IS SO ORDERED.
6  DATED: May 26, 2006

MAXINE M. CHESNEY
United States District Judge