IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR J. BRAVO,<br><br>    Plaintiff,<br><br>  v.<br><br>DR. HEWCHUCK, et al.,<br><br>    Defendants | No. C 06-0883 MMC (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>(Docket Nos. 19, 22 & 23) |

On February 9, 2006, plaintiff, a California prisoner incarcerated at the California Mens Colony and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983 against eight individuals employed in California prisons.[1] On May 26, 2006, the Court ordered plaintiff to either pay the filing fee or file a completed application to proceed in forma pauperis ("IFP"). On June 26, 2006, plaintiff filed an IFP application, which has been granted in a separate order filed concurrently herewith. The Court addresses herein plaintiff's multiple motions for a temporary restraining order ("TRO"), and reviews the complaint pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

A.    <u>Motions for TRO</u>

On June 21, 2006, July 5, 2006, and July 7, 2006, plaintiff filed motions for a TRO.

---

[1] Plaintiff does not identify the specific institutions where said defendants are employed.

In said motions, plaintiff claims to have been "illegally transferred" to the California Men's Colony in San Luis Obispo, California, and requests a transfer to the California Training Facility in Soledad, California. To obtain a TRO, a plaintiff must show, inter alia, "a strong likelihood of success on the merits." See Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). There is no likelihood of success on the merits of plaintiff's claim of an illegal transfer, however, because a prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, indeed, even to a prison in another state, without offending the Constitution. See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (citing Meachum v. Fano, 427 U.S. 215, 225 (1976) (finding intrastate prison transfer does not implicate Due Process Clause)); see also Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983) (holding prisoners have no constitutional right to incarceration in particular institution, and that interstate prison transfer does not implicate Due Process Clause). Consequently, plaintiff's motions for a TRO are DENIED.

B.     Review Under 28 U.S.C. § 1915A

    1.     Standard of Review

Section 1915A requires a federal court to engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer, or employee of a governmental entity. See 28 U.S.C. § 1915A(a). Federal courts must dismiss a case filed in forma pauperis under 28 U.S.C. § 1915 if the court, at any time, determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

### 2. Plaintiff's Claims

In the instant complaint, plaintiff alleges defendants ordered "five or six (heavily) armed security officers to violently and forcifully [sic] restrain the plaintiff, and to drag him bodily (under handcuff and shackle restraints) to a van where he was transported to another state facility [ ] where he was further tortured and incurred irreparable physical and emotional injuries." Conceivably, these allegations, when liberally construed, could give rise to a cognizable claim for the violation of plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.[2] See generally See Farmer v. Brennan, 511 U.S. 825, 832 (1994) (providing deliberate indifference to inmate's personal safety violates Eighth Amendment); Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (holding use of excessive force violates Eighth Amendment).

Plaintiff's allegations do not state a claim with respect to the eight individual defendants named in the complaint, however. Liability may be imposed on an individual defendant under § 1983 only if the plaintiff can show the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). In that regard, the plaintiff must "set forth specific facts as to each individual defendant's" deprivation of the plaintiff's protected rights. Id.; see also Chuman v. Wright, 76 F.3d 292, 294 (9th Cir. 1996) (holding defendant cannot be held liable based on membership in group; requiring showing of defendant's individual participation in unlawful conduct). Here, all of plaintiff's allegations are against the "defendants" collectively; plaintiff fails to allege what any individual defendant actually did. In order to state a cognizable claim against any of the defendants herein, plaintiff must allege how each such defendant personally was involved in the events plaintiff describes and, equally important, what each such defendant personally did, or failed to do, that caused plaintiff's alleged injuries. Plaintiff will be given leave to amend the complaint to cure this deficiency, if he

---

[2] For the reasons discussed above, the transfer of plaintiff to another institution does not in and of itself implicate plaintiff's constitutional rights.

3

can do so in good faith.[3]

## CONCLUSION

For the reasons stated above:

1. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND. Within **thirty (30) days** of the date this order is filed, plaintiff may file an AMENDED COMPLAINT correcting the deficiencies outlined above. Plaintiff shall include in the caption both the case number of this action (No. C 06-0883 MMC (PR)), and the phrase "AMENDED COMPLAINT."

2. <u>The amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint; plaintiff must include in the amended complaint all the allegations and claims he wishes to present. If plaintiff fails to timely file an amended complaint in conformity with this order, this case will be dismissed.</u>

3. It is plaintiffs' responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

4. Plaintiff's motions for a TRO are DENIED.

This order terminates Docket Nos. 19, 22, and 23.

IT IS SO ORDERED.

DATED: December 11, 2006

_____
MAXINE M. CHESNEY
United States District Judge

---

[3]The Court notes that on February 24, 2006, plaintiff filed a document titled "First Amendment of Civil No. C 06-0883." In that document, plaintiff generally repeats the allegations in the complaint, although he adds two additional individual defendants. To whatever extent plaintiff intends the document to amend his complaint, it fails to cure the above-noted deficiencies because it likewise fails to set forth the actions of each individual defendant in allegedly violating plaintiff's constitutional rights. Further, plaintiff may not file "amendments" to his complaint; rather, he must file an Amended Complaint superseding his original complaint, as ordered herein.