United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR J. BRAVO, | No. C 06-0883 MMC (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| DR. HEWCHUCK, et al., | |
| Defendants | |

On February 9, 2006, plaintiff, a California prisoner incarcerated at the California Mens Colony ("CMC") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983 against eight individuals employed in California prisons.[1] On December 11, 2006, the Court dismissed the complaint with leave to amend, and on March 12, 2007, plaintiff filed a timely amended complaint. The Court now reviews the amended complaint pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

A. Standard of Review

Section 1915A requires a federal court to engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer, or employee of a governmental entity. See 28 U.S.C. § 1915A(a). Federal courts must dismiss a case filed in

---

[1] Plaintiff does not identify the specific institutions at which said defendants are employed.

1  forma pauperis under 28 U.S.C. § 1915 if the court, at any time, determines the action is
2  frivolous or malicious, fails to state a claim on which relief may be granted, or seeks
3  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).
4  Pro se pleadings must be liberally construed, however.  Balistreri v. Pacifica Police Dep't,
5  901 F.2d 696, 699 (9th Cir. 1990).

6  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1)
7  that a right secured by the Constitution or laws of the United States was violated, and (2) that
8  the alleged violation was committed by a person acting under the color of state law.  West v.
9  Atkins, 487 U.S. 42, 48 (1988).

10  B.   Plaintiff's Claims

11  In the original complaint, plaintiff named eight defendants and alleged that he had
12  been subjected to excessive force in the course of his being placed in a van for transportation
13  to another prison, at which he suffered further harm.  The Court found plaintiff's allegations
14  conceivably could state a claim for the violation of plaintiff's Eighth Amendment rights. (See
15  Order of Dismissal with Leave to Amend, filed December 11, 2006.)  Because plaintiff made
16  all of said allegations against "defendants" collectively, however, and did not allege what any
17  individual defendant actually did, the Court found the claims were not cognizable.  (See id.)
18  The Court granted plaintiff leave to amend the complaint in order to allege how each such
19  defendant personally was involved in the violations plaintiff alleged.  The Court cautioned
20  plaintiff:

> The amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint; plaintiff must include in the amended complaint all the allegations and claims he wishes to present.  If plaintiff fails to timely file an amended complaint in conformity with this order, this case will be dismissed."

26  (See id.)

27  In his amended complaint, plaintiff does not make the allegations of excessive force
28  he made in the original complaint, nor does he name all of the eight individual defendants he

2

had named in the original complaint. Rather plaintiff brings his amended complaint against two of those defendants, namely, Dr. Hewchuck, and Warden A.P. Kane ("Warden Kane"), both CMC officials, and alleges they authorized an improper transfer of plaintiff from a Level II prison to a Level III prison.

As plaintiff has not included the claims from the original complaint in his amended complaint, let alone cured the deficiencies in such claims, the claims contained in the original complaint will be dismissed. Further, plaintiff's new allegations that Dr. Hewchuck and Warden Kane improperly authorized his transfer to another prison fail to state a cognizable claim for relief. Prisoners have no constitutional right to incarceration in a particular institution, and, consequently, a claim based on an improper transfer to another prison does not allege the violation of a constitutional right. See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 223-27 (1976). Accordingly, plaintiff's new claims likewise will be dismissed.

**CONCLUSION**

For the foregoing reasons, the above-titled action is hereby DISMISSED.

The Clerk shall close the file and terminate any pending motions.

IT IS SO ORDERED.

DATED: May 9, 2007

MAXINE M. CHESNEY
United States District Judge

3