FILED

UNITED STATES COURT OF APPEALS

JUN 16 2008

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: VICTOR J. BRAVO, | No. 08-80086 |
| VICTOR J. BRAVO, | ORDER |
| Respondent. | |

Before: Peter L. Shaw, Appellate Commissioner.

This court's records reflect that, since 1997, respondent Victor J. Bravo has

initiate the following litigation in this court:

> 97-56362 - dismissed for lack of jurisdiction;
> 97-56646 - affirmed without argument;
> 97-56647 - affirmed without argument;
> 97-56648 - affirmed without argument;
> 97-56649 - affirmed without argument;
> 98-56431 - dismissed for lack of jurisdiction;
> 98-70441 - petition denied;
> 98-70500 - petition denied;
> 98-70501 - petition denied;
> 98-56239 - affirmed without argument;
> 98-56564 - dismissed for failure to prosecute;
> 99-70855 - petition denied;
> 04-71003 - petition denied;
> 05-17376 - certificate of appealability denied;
> 05-55977 - certificate of appealability denied;
> 05-56396 - affirmed without argument;

MF/Pro Se

06-71088 - voluntarily dismissed;
06-71770 - petition denied;
06-73899 - petition denied;
07-72112 - petition denied;
07-72322 - petition denied;
07-72606 - petition denied;
07-72683 - petition denied;
07-73185 - petition denied;
07-73442 - petition denied;
07-73607 - petition denied; and
07-80091 - petition dismissed.

Respondent's practice of burdening this court with meritless litigation justifies careful oversight of respondent's future litigation in this court.

The Supreme Court has recognized that "every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources.  A part of the [c]ourt's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.  The continual processing of the [appellants'] frivolous requests . . . does not promote that end."  *In re McDonald*, 489 U.S. 180, 184 (1989).  This court faces the same problems of limited resources in handling its large volume of appellate litigation.

Therefore, the respondent, respondent Victor J. Bravo shall respond and show cause within 14 days of the date of this order why this court should not enter the following pre-filing review order.  *See Visser v. California*, 919 F.2d 113, 114 (9th Cir. 1990) ("This court has the inherent power to restrict a litigant's ability to commence abusive litigation"); *see also Wolfe v. George*, 486 F.3d 1120 (9th Cir.

2007) (finding no constitutional right to file frivolous litigation, upholding California vexatious litigant statute).  If respondent fails to file a timely response to this order, the Clerk shall forthwith enter the pre-filing review order regardless of further filings by respondent.

Should the pre-filing review order be entered, respondent's failure to comply with the order shall result in any new appeal(s) he seeks to file being dismissed or not being filed and other sanctions being levied against respondent, such as a monetary judgment or a judgment of contempt, as the court may deem appropriate.

Pre-Filing Review Order

(1)    This pre-filing review order shall apply to all notices of appeal and petitions for extraordinary writs filed by respondent, in whole or in part, if he proceeds pro se.  This order shall not apply to appeals or petitions in which respondent has counsel or where the district court has expressly certified in its order that the appeal or petition is not frivolous.  Should respondent fail to comply with any of the provisions of this pre-filing review order, the Clerk shall not file the document and shall return the document to respondent, informing him of the deficiencies and granting him 14 days to correct the deficiency.

(2)    Each notice of appeal or petition filed by respondent shall comply with the requirements of the Ninth Circuit Rules and the Federal Rules of Civil and Appellate Procedure, especially Federal Rule of Civil Procedure 54(b) and Federal Rule of Appellate Procedure 4(a), and shall contain the following sentence in

capital letters "THIS NOTICE OF APPEAL/PETITION IS FILED SUBJECT TO

PRE-FILING REVIEW ORDER No. 08-80086" in the body of the notice of appeal

or petition.

(3)    Each of respondent's future notices of appeal and petitions shall

include a copy of the order(s) of the district court from which he is appealing, a

short and plain statement of the facts or law on which he will rely for the purposes

of the appeal, and a statement that he has not previously appealed this order or

raised this issue in a prior appeal or petition.

(4)    If respondent's future notices of appeal and petitions are submitted in

compliance with this order, the Clerk shall lodge the notice of appeal or petition

and accompanying documents.  The Clerk shall not file the appeal or petition or

establish a presumptive schedule for the certificate of record, briefing, or

transcripts except upon further order of the court. The court will review

respondent's submissions and determine whether they merit further review and

whether they should be filed.

(5)  This pre-filing review order shall remain in effect until further order of

this court.  Respondent may, no earlier than August 1, 2010, petition the court to

lift this pre-filing review order, setting forth the reasons why the order should be

lifted.